United States Courts
Southern District of Texas
FILED

JAN 30 2026

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MOUSTAFA ELHAWARI,

    Plaintiff,

v.

                         Case No. 26CV 722

PRIMEOCEAN PERSONNEL SERVICES, LLC,
IAN WILLIAMS, and
ALASTAIR COLE,                    [Jury Trial Demanded]

    Defendants

## COMPLAINT

Plaintiff Moustafa Elhawari ("Plaintiff" or "Elhawari"), appearing pro se, files this Complaint

against Defendants PrimeOcean Personnel Services, LLC, Ian Williams, and Alastair Cole

("Defendants" or "PrimeOcean") and alleges as follows:

### NATURE OF THE ACTION

**1.** This is an action for retaliation and discrimination in violation of Title VII of the Civil Rights

Act of 1964 and 42 U.S.C. § 1981.

**2.** This action arises out of Defendants' retaliation against Plaintiff for engaging in protected

activity by filing a discrimination charge against Stena Drilling, and Defendants' discrimination

against Plaintiff based on his race and national origin.

**3.** After Plaintiff engaged in protected activity, Defendants cut off communication, stopped

referring him for offshore work, and interfered with his ability to obtain employment in the

offshore drilling industry.

**4.** Plaintiff seeks all relief available under federal law, including compensatory damages,

punitive damages, back pay, front pay, and injunctive relief.

*1*

## THE PARTIES

5. Plaintiff Moustafa Elhawari is an individual residing in Imperial, Missouri and a citizen of the State of Missouri.

6. Defendant PrimeOcean Personnel Services is a Texas company engaged in offshore recruitment and staffing agent services, with offices located at:

26400 Kuykendahl Rd, Suite C180-309,

The Woodlands, Texas 77375.

7. Defendant Ian Williams is a Senior Recruitment Coordinator for PrimeOcean and communicated with Plaintiff regarding recruitment and job opportunities.

8. Defendant Alastair Cole is the Chief Executive Officer of PrimeOcean Personnel Services and exercised supervisory and operational authority over recruitment activities and staffing decisions.

## JURISDICTION AND VENUE

9. This Court has jurisdiction based upon the existence of a federal question. This action arises under Title VII, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981. Jurisdiction is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendants because they conduct business in the State of Texas and maintain their office in The Woodlands, Texas.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this District and a substantial part of the events giving rise to the claims occurred here.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Prior to the filing of this action, Plaintiff timely filed a Charge of Discrimination and Retaliation against PrimeOcean with the Equal Employment Opportunity Commission.

13. The charge alleged retaliation and discrimination based on race and national origin.

14. Thereafter, the EEOC issued Plaintiff a Notice of Right to Sue on or about November 13, 2025.

15. Plaintiff has exhausted all administrative prerequisites required before filing this action.

## FACTS

16. PrimeOcean is a staffing and recruiting agent that supplies and places offshore personnel with drilling companies operating rigs and vessels.

17. Plaintiff is a United States citizen of Middle Eastern and Egyptian descent. His name reflects his Arab ancestry and national origin.

18. Plaintiff has substantial experience working in offshore and subsea environments and was qualified for offshore technical and engineering positions.

19. In or around October 2023, Defendant PrimeOcean, a recruiting and staffing agent, contacted Plaintiff through Ian Williams to refer him for a permanent position with Stena Drilling.

20. In or around November 2023, Defendant Ian Williams informed Plaintiff that Stena Drilling had set Plaintiff's application aside because of his name, which identified him as Middle Eastern and Egyptian.

21. For several months, PrimeOcean, through Ian Williams, communicated regularly with Plaintiff regarding offshore job opportunities and represented that he was well-qualified for available roles.

22. During this period, Defendants submitted Plaintiff's credentials to offshore operators, including Stena Drilling, while representing that he was a strong candidate for placement.

23. In September 2024, Plaintiff filed a Charge of Discrimination with the EEOC against Stena Drilling, alleging that he was denied employment based on his race and national origin.

24. After Defendants became aware of Plaintiff's protected activity, their treatment of Plaintiff materially and adversely changed.

25. After that, Defendants stopped communicating with Plaintiff and stopped referring him for offshore positions, while continuing to assist other applicants who had not engaged in protected activity.

26. Plaintiff lost employment opportunities and suffered financial and professional harm as a result.

### COUNT I
### Retaliation
### (Title VII – 42 U.S.C. § 2000e-3)
### Against Defendant PrimeOcean Personnel Services, LLC,

27. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 26 above as if fully restated herein.

28. Plaintiff engaged in protected activity when he filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Stena Drilling in or around September 2024.

29. Defendants PrimeOcean Personnel Services, LLC, Ian Williams, and Alastair Cole were aware of Plaintiff's protected activity.

30. After becoming aware of Plaintiff's protected activity, Defendants materially and adversely altered their treatment of Plaintiff.

Specifically, Defendants stopped communicating with Plaintiff, ceased referring him for offshore

31. positions, and refused to submit his name for further employment opportunities, while continuing to assist other applicants who had not engaged in protected activity.

32. Defendants' actions were taken in retaliation for Plaintiff's protected activity and were intended to punish and deter Plaintiff for asserting his rights under federal law.

4

33. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff lost employment opportunities, suffered financial damages, and experienced professional harm.

34. Defendants' actions were willful, malicious, and taken in reckless disregard of Plaintiff's rights under Title VII.

## COUNT II
### Race and National Origin Discrimination
### (42 U.S.C. § 1981)
### Against Defendants PrimeOcean Personnel Services, LLC, Ian Williams, and Alastair Cole

35. Plaintiff realleges and incorporates by reference Paragraphs 1 through 26 above as if fully set forth herein.

36. Plaintiff is a member of a protected class based on his race and national origin, as he is of Middle Eastern and Egyptian descent.

37. Plaintiff was qualified for offshore engineering positions for which Defendants were considering and presenting candidates.

38. Defendant Ian Williams informed Plaintiff that Stena Drilling had set Plaintiff's application aside because of his name, which identified him as Middle Eastern and Egyptian.

39. Defendants PrimeOcean Personnel Services, LLC, Ian Williams, and Alastair Cole participated in and contributed to discriminatory conduct by continuing to exclude Plaintiff from referrals and placement opportunities based on his race and national origin.

40. Defendants' actions interfered with Plaintiff's right to make and enforce employment relationships in violation of 42 U.S.C. § 1981.

41. Plaintiff's race and national origin were motivating factors in Defendants' discriminatory conduct.

42. As a result of Defendants' actions, Plaintiff suffered loss of employment opportunities, lost wages, professional harm, and emotional distress.

43. Defendants' conduct was willful and in reckless disregard of Plaintiff's federally protected civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and grant the following relief:

1. The entry of judgment in favor of Plaintiff on all Counts of his cause of action;

2. A declaration that Defendants' actions constituted unlawful retaliation and discrimination under federal law;

3. An award of compensatory damages for lost wages, emotional distress, and professional harm;

4. An award of back pay and front pay;

5. An award of punitive damages for Defendants' willful and malicious conduct;

6. An award of costs of suit and such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
 Moustafa Elhawari
 Pro se
5873 Blckberry dr
Imperial Mo 63052
Moustafa.elhawari5@gmail.com
3146054648
*Moustafa Elhawari*

6



From:
Moustafa Elhawari
5873 Blackberry Dr.
Imperial, MO 63052

9589 0710 5270 3354 0724 61

CERTIFIED MAIL

9589 0710 5270 3354 0724 61

Retail

RDC 99

77002

U.S. POSTAGE
FCM LG ENV
IMPERIAL, MO
JAN 23, 2026

$7.74

S2324P502780-

To:
Clerk's Office
United States District Court
Southern District of Texas
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, TX 77002

United States Courts
Southern District of Texas
FILED
JAN 30 2026
Nathan Ochsner, Clerk of Court